## DAVIDSON v. DWYER, SHERIFF, ET AL.

1. **Practice in Supreme Court:** OBJECTIONS NOT MADE BELOW NOT CONSIDERED. Objections to the admission of testimony not made in the trial court cannot be first urged on appeal to this court.

2. **Fraudulent Conveyance Rescinded:** EFFECT OF. Where property is transferred with a fraudulent intent, but is afterwards transferred back again before the intent is consummated, no rights are lost or acquired by the transaction.

3. **Execution:** ESTOPPEL OF CLAIMANT NOT RESISTING LEVY. Where one, some time prior to the levy of an execution, disclaimed any interest in the property levied on, and, at the time of the levy, without consenting thereto, simply pointed out to the officer the particular property for which he was looking, *held* that by these acts he was not estopped from setting up as against the officer his title to the property acquired subsequent to his disclaimer.

*Appeal from Henry Circuit Court.*

MONDAY, DECEMBER 10.

ACTION of replevin for certain horses, and corn in the crib. There was a judgment upon a verdict for plaintiff. Defendant appeals. The facts of the case fully appear in the opinion.

*Amblers & Campbell,* for appellant.

*Woolson & Babb,* for appellee.

BECK, J.—I. The defendant, Dwyer, as sheriff, levied upon the property in question a special execution issued upon a judgment against M. G. Davidson. The property was seized under an attachment in the case, issued before judgment, and was released upon a delivery bond given by J. W. Anderson, a claimant of the property. The plaintiff, among other matters, alleges in his petition that the property, before these proceedings were had, belonged to M. G. Davidson, who delivered it to plaintiff before the attachment, to secure an indebtedness from M. G. Davidson to plaintiff, under an agreement that plaintiff was authorized to sell the property and apply the proceeds in payment of the debt.

The defendants in their answer allege that plaintiff, as the agent of M. G. Davidson, for the purpose of defrauding the creditors of M. G. Davidson, transferred the property by bill of sale, duly recorded, to J. W. Anderson, and that, at the time of the levy of the attachment, plaintiff disclaimed to the defendants ownership of the property, and, when the execution was levied, plaintiff surrendered the property to the officer. There is no averment in the answer that the delivery of the property to plaintiff, under the arrangement that he should hold it as security and sell it to pay the debt, was fraudulent as to creditors of M. G. Davidson. The sale by plaintiff, as agent, to Anderson is alone assailed on that ground.

Upon the trial, plaintiff introduced evidence tending to prove the delivery of the property to him by M. G. Davidson, and the agreement under which it was delivered. He introduced no evidence before he rested his case touching the transfer to Anderson. Defendant gave evidence tending to prove the sale to Anderson, as alleged in the answer. Thereupon plaintiff, in rebuttal, against defendant's objection, was permitted to prove that after the sale to Anderson it was rescinded by the parties, and the consideration thereof was repaid by plaintiff to Anderson, and the property was delivered again to plaintiff. This appears to have been done after the property was released upon the delivery bond, and before the levy of the execution.

II.   The defendants insist that the court erred in admitting the evidence, on the ground that it was not competent in

1. PRACTICE in supreme court: objections not made be'ow not considered.

rebuttal. But this objection cannot be urged in this court, for the reason that it was not made in the court below. The only objection made there to the evidence is based upon the ground that it is "incompetent, irrelevant and immaterial under the pleading in the case." Objections not made in the court below cannot for the first time be urged in this court. The evidence was not subject to the objection made in the court below. The defendant relied as a defense upon the transfer of the property to Anderson. It would surely be competent to show that the sale to him was rescinded, in answer to the defense based upon the transfer.

III.   Complaints are made of the giving and refusing of instructions which relate to the transaction with Anderson.

2. FRAUDULENT conveyance rescinded: effect of.

We discover no error in the court's rulings. Plaintiff bases his claim upon the transfer to him of the property by M. G. Davidson. Defendants do not allege in their pleadings that this transaction was fraudulent. It was sufficient to give plaintiff property in, or a lien upon, the horses and corn, which supports his right to maintain this action. The trans-

fer to Anderson cuts no figure in the case, for the reason that it was canceled. If it should be conceded that it was made with a fraudulent intent, the cancellation leaves nothing of it, and the fraudulent intent was not consummated. There can be no rights lost or acquired by a fraudulent purpose which is not executed. But it is difficult to see how the transaction with Anderson can be regarded as fraudulent, without assailing the transfer to plaintiff, which is not done by defendants.

IV. Defendants insist that plaintiff is estopped by his acts, and his disclaimer of ownership of the property. We think differently. When these occurred, Anderson held the property under the transfer to him, which was subsequently canceled. Under this transfer, Anderson claimed the property, and plaintiff assented to his claim. But the cancellation of the transfer changed the title of the property. Surely plaintiff by his acts and disclaimer could not be estopped from setting up a claim which he subsequently acquired. Defendants were not deceived, or induced to levy upon the property, by anything plaintiff did or said. They insisted that the defendant in execution was the owner of the property. If the transfer of it to plaintiff was valid, either he or Anderson, whichever at the time held the title under the transfer, could successfully resist the levy of the execution.

Plaintiff's act in pointing out the property which the sheriff sought to levy upon was not a waiver of his claim and title to it. All there was of the act is this: The defendants claimed that the property was subject to the execution, and proposed to levy upon it; plaintiff did not concede it, but pointed it out to the sheriff. This act was not an abandonment of his title or lien, nor would it operate to defeat an action to recover the property.

The rulings of the court upon the instructions given and refused are in harmony with the conclusions we have expressed, and are correct.

3. EXECU-TIVE: estoppel of claimant not resisting levy.

The foregoing discussion disposes of all questions presented in the argument for defendants. The judgment of the circuit court will be

AFFIRMED.