C. L. BARKS, Trustee, Appellant, v. LENA KLEYNE, Appellee.

**FRAUDULENT CONVEYANCES:** Remedies of Creditors—Personal Liability of Grantee. A wife who, knowing that her husband intended to hinder and delay his creditors, accepts a voluntary transfer of his bank deposit is, nevertheless, not personally liable to the husband's subsequently appointed trustee in bankruptcy for that part of the deposit which is expended prior to the bankruptcy proceedings *in carrying on in good faith the ordinary business of the husband.*

Headnote 1: 7 C. J. p. 172 (Anno.)

*Appeal from Sioux District Court.*—WILLIAM HUTCHINSON, Judge.

FEBRUARY 16, 1926.

SUIT to subject a bank account transferred by a bankrupt to his wife to the claims of creditors. Relief was granted as to

the amount unexpended, $403.39, and denied as to the balance. Plaintiff appeals.—*Affirmed*.

*G. T. Hatley* and *James B. Linsday*, for appellant.

*Klay & Klay*, for appellee.

Morling, J.—The bankrupt transferred his bank account to the name of his wife, the defendant, and afterward deposited his money in that account. By understanding with her, he signed her name to checks (though she signed some herself). He attended to the business. He was a farmer. Defendant says that, about a year before the transfer, she knew he was going to have trouble with Meyners over a land deal; that her husband said he was going to put the money in her name, to keep Meyners from getting it. Checks on this account were drawn, to the amount of $1,055.98, and paid, leaving on deposit a balance of $403.39. There is no controversy over this balance, but the plaintiff claims that he is entitled to judgment for the full amount of the deposit, regardless of the checks paid. The ground of his claim is that the transfer of the bank account was for the purpose of defrauding creditors, and absolutely void.

$192.50 was paid for a husking machine, and $400 for attorneys' fees for preparing and filing bankruptcy petition. Other sums were paid to merchants for clothes, family necessities, and merchandise. Sums were paid out for hail and fire insurance premiums, for threshing, and for help in the family. Other sums were paid apparently to merchants. The purpose for which some of the checks were drawn is not shown. No claim is made that any of the payments were made to persons to whom the bankrupt was under no obligation, or that any payments were for purposes improper or fraudulent in themselves.

The transfer of the bank account under these circumstances could not be sustained against an attack by existing creditors. The funds in the wife's name would, at the suit of such a creditor, be declared to be held in trust for the husband, to the extent necessary for the payment of his debts. If the transfer had not been made, and the account had remained in the name of the bankrupt, he could, and for all that is shown to the contrary would, have continued his business and made the same deposits

and the same payments that were made. By becoming indebted he did not forfeit his right to continue in business, to purchase property for use in conducting it, to incur obligations for insurance, labor, or other expenses, and to pay for them and defray the expenses of his family. Defendant and other members of the family did not forfeit their right to support. It was not a fraud on his creditors for the debtor to continue in business. It is not shown that any creditor was prejudiced or defrauded by the manner in which the bank account was kept. Creditors had no lien upon the bank account, whether it was in the name of one or the other. Until they took some action which would effectuate a charge upon the funds, the defendant and her husband might use them; though, of course, she could not, without liability, put them to a use that would of itself be a fraud upon creditors. It is not shown that any of the expenditures were made in the perpetration of a purpose to defraud any creditor, or that any creditor was defrauded or prejudiced by any of the payments. The transfer of the account to the name of the wife for the purpose of defrauding creditors would not render fraudulent payments made from it in good faith in payment of just obligations. As stated in *Clements v. Moore,* 6 Wall. (U. S.) 299, 312:

"The cardinal principle in all such cases is that the property of the debtor shall not be diverted from the payment of his debts to the injury of his creditors, by means of the fraud."

We are of the opinion that the plaintiff has not shown himself entitled to recover, except for the balance on hand at the time of the filing of the petition in bankruptcy. See *Davidson v. Dwyer,* 62 Iowa 332; *Johnston v. Jickling,* 141 Iowa 444; *Oriental Bank v. Haskins,* 3 Metc. (Mass.) 332 (37 Am. Dec. 140); *Hutchins v. Sprague,* 4 N. H. 469 (17 Am. Dec. 439); *Leqve v. Stoppel,* 64 Minn. 74 (66 N. W. 208, 212).

The judgment is affirmed.—*Affirmed.*

De Graff, C. J., and Evans and Albert, JJ., concur.